UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | 05-CR-829 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| KATHLEEN T. DE GRAAFF, | HON. WILLIAM J. MARTINI |
| Defendant. | |

Coleen Middleton
United States Attorney's Office
970 Broad Street
Room 701
Newark, NJ 07102

    (*Attorney for Appellee*)

Kathleen T. De Graaff
54 Cedar Run Road
Bayville, NJ 08721

    (*Appellant Pro Se)*

**MARTINI, U.S.D.J.:**

    This matter comes before the Court on Appellant *Pro Se* Kathleen T. De Graaff's appeal of her conviction and sentence for assault and disorderly conduct. For the following reasons, Mrs. De Graaff's appeal is denied.

## BACKGROUND

    Appellee United States of America (the "Government") charged Appellant *Pro Se* Kathleen T. De Graaff with assault under 18 U.S.C. § 113(a)(4) and disorderly conduct under 38 C.F.R. 1.218(b)(11). These charges stem from an altercation between Mrs. De Graaff and a

nurse at the United States Department of Veterans Affairs Hospital in Lyons, New Jersey (the "VA Hospital"). A non-jury trial on these charges occurred on September 30, 2004 and November 23, 2004 before United States Magistrate Judge Anthony R. Mautone. Judge Mautone found Mrs. De Graaff guilty of both offenses and sentenced her to one year of probation, ordered her to undergo a mental health evaluation, and forbade her from further contact with the nurse.

Mrs. De Graaff now appeals her conviction and sentence. Her appeal focuses mainly on Judge Mautone's conduct during the proceedings below. We will discuss each of Mrs. De Graaff's arguments in turn.

## DISCUSSION

**I.     Standard Of Review**

This Court has jurisdiction over an appeal of a magistrate judge's conviction and sentence under 18 U.S.C. §§ 3402 and 3742(h), and we apply the same standard of review over the magistrate's decision that the Court of Appeals would have applied to the decision had this Court rendered it. Fed. R. Crim. P. 58(g)(2)(D). Therefore, we shall review the magistrate judge's legal determinations de novo, *see United States v. Ledesma-Cuesta*, 347 F.3d 527, 530 (3d Cir. 2003), and will not disturb his factual findings unless clearly erroneous, *see United States v. Helbling*, 209 F.3d 226, 237 (3d Cir. 2000).

**II.    Judge Mautone Possessed The Authority To Try Mrs. De Graaff's Case Without Her Consent.**

Mrs. De Graaff's first argues that Judge Mautone lacked the authority to try her case without her consent. This argument will be denied. The Government charged Mrs. De Graaff

with committing two petty offenses: assault and disorderly conduct.  *See* 18 U.S.C. §§ 19; 113(a)(4), 3559(a)(7), 3559(a)(8), 3559(a)(9); 3571(b)(6)-(7); 38 C.F.R. 1.218(b)(11).  A magistrate judge may try petty offenses without obtaining a defendant's consent.  *See* 18 U.S.C. § 3401(b); *see also* 28-658 Moore's Federal Practice – Criminal Procedure § 658.11[2]; *United States v. Park*, No. 01-30409, 2003 U.S. App. LEXIS 4881, at *2 (9th Cir. 2003); *United States v. Ruiz-Rodriguez*, 277 F.3d 1281, 1286 (11th Cir. 2002); *United States v. Rivera-Negron*, No. 01-278, 2001 U.S. Dist. LEXIS 10036 (D.P.R. 2001).  Therefore, Judge Mautone possessed the authority to try Mrs. De Graaff's case without her consent.[1]

**II.    Mrs. De Graaff Was Not Entitled To A Jury Trial.**

Mrs. DeGraaff also contends that she was entitled to a jury trial.  This is incorrect.  Defendants charged with committing petty offenses, in which there are no additional statutory penalties, are not entitled to a jury trial.  *See Lewis*, 518 U.S. at 325-26; *Blanton v. North Las Vegas*, 489 U.S. 538, 543 (1989).  Here, both offenses were petty and there were no additional statutory penalties attached.  Therefore, Mrs. De Graaff was not entitled to a jury trial.

**III.   Mrs. De Graaff Cannot Establish Bias By Judge Mautone.**

   **A.    Standard for Showing Bias.**

---

[1] Mrs. De Graaff argues that, under Fed. R. Crim. P. 58(a)(2) and (a)(3), a petty offense is a crime for which no sentence of confinement can be imposed.  This is an incorrect.  Fed. R. Crim. P. 58(a)(2) and (a)(3) merely control the application of the Federal Rules of Criminal Procedure in cases involving petty offenses for which no sentence of imprisonment will be imposed.  *See Lewis v. U.S.*. 518 U.S. 322, 338 (1996) ("So too, Federal Rule of Criminal Procedure 58(a)(2) authorizes district courts not to apply the Federal Rules of Criminal Procedure in petty offense prosecutions *for which no sentence of imprisonment will be imposed*.") (emphasis added).  These rules do not state, as Mrs. De Graaff contends, that petty offenses carry no term of imprisonment.  This proposition also contradicts 18 U.S.C. §§ 3559(a)(7), 3559(a)(8) and 3559(a)(9).

Mrs. De Graaff's next argues on appeal that Judge Mautone was biased during the proceedings.[2] 28 U.S.C. § 455(a) provides that a "magistrate judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Section 455(a) mandates an objective rather than a subjective inquiry." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mort. Loan Litig.*, 418 F.3d 277, 319 (3d Cir. 2005) (citations omitted). Accordingly, the relevant question is "whether a reasonable person knowing all of the circumstances would harbor doubts concerning the judge's impartiality." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004). Furthermore, under §455(a), beliefs or opinions which merit recusal usually must involve an "extrajudicial factor." *Liteky v. United States*, 510 U.S. 540, 555 (1994).[3] If no extrajudicial factor is present, the facts claimed to exhibit bias must be especially strong to merit recusal. *In re Prudential Ins. Co. Sales Litig.*, 148 F.3d 283, 343 (3d Cir. 1998). In fact, absent an extrajudicial factor, the facts must "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Since Mrs. De Graaff did not formally raise the issue of recusal before Judge Mautone,

---

[2] Mrs. De Graaff does not point to any particular statute or theory upon which to base her argument of bias. Therefore, the Court will assume that Mrs. De Graaff intended to invoke the federal law of recusal. *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (noting the longstanding practice of construing *pro se* litigants' proceedings liberally). Two statutes govern the disqualification of a federal judge based on bias: 28 U.S.C. §§ 144 and 455. Section 144 provides that a party must file a "timely and sufficient affidavit" complaining of the judge's personal bias. 28 U.S.C. § 144. Since Mrs. De Graaff did not file an affidavit, § 144 is inapplicable. Therefore, the Court must turn to § 455.

[3] Bias is based on an extrajudicial factor when it is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings. *See United States v. Sciarra*, 851 F.3d 621, 634 n.28 (3d Cir. 1988).

we must review Judge Mautone's failure to recuse himself for plain error. *SEC v. Antar*, 53 F.3d 568, 572-73 (3d Cir. 1995) ("'[W]here no objection to the [trial judge's] failure to recuse was made at trial, a plain error standard of review applies.'").[4] Under the plain error standard of review, there must be an "error" that is "plain" and that "affect[s] substantial rights." Fed. R. Crim. P. 52(b).

>   **B.    Mrs. De Graaff Cannot Establish Bias Under § 455(a) Based On Judge Mautone's Comments.**

Mrs. De Graaff claims that Judge Mautone's comments during an August 26, 2004 hearing evidenced his bias against her. First, Judge Mautone told Mrs. De Graaff at this hearing:

> I want you also to know that no one has discussed any of the facts of your case with me, but that I have spoken to various people who are personnel of this court and people with whom this court is very familiar, and I am not getting good reports concerning their interaction with you.

(Tr. Aug. 26, 2004, at 2:17-21). Apparently, Mrs. De Graaff's conduct during the hearing prompted Judge Mautone to make the aforementioned comment, which Mrs. De Graaff now contends is evidence of bias.

In addition, Mrs. De Graaff's takes issue with a comment by Judge Mautone regarding the failure of Mrs. De Graaff's counsel to appear at this hearing. The record reveals that Judge Mautone previously ordered trial to begin on that day. Accordingly, the Government appeared with two witnesses and ready for trial. Mrs. De Graaff's counsel, however, did not appear.

---

[4]The record shows that Mrs. De Graaff originally filed a motion for recusal before Judge Mautone on September 9, 2004. Mrs. De Graaff, however, withdrew this motion at the September 30, 2004 hearing. (Tr. Sept. 30, 2004, at 4:17-5:5). The record shows that Mrs De Graaff's withdrew her motion knowingly and voluntarily. (*Id.* at 4:24-5:4). Therefore, the Court will apply the "plain error" standard of review.

4

Consequently, Judge Mautone postponed the trial.  At the hearing, Judge Mautone made the following comment that Mrs. De Graaff now takes umbrage with:

> Unfortunately, the Federal Public Defender, who I assigned to your case, is not here.  I guess he's on vacation.

(*Id.* at 3:4-5).  Later that day, Judge Mautone made another comment that Mrs. De Graaff takes offense with.  This comment came in response to Mrs. De Graaff's claim that she was not notified that trial was to occur that day.  Judge Mautone responded that, since he previously ordered trial to occur on that day, no notification was necessary.  In this regard, Judge Mautone stated: "When I order something, that's the only thing you're ever going to get."  (*Id.* at 4:23-25).  Finally, Mrs. De Graaff takes umbrage with the following admonishment by Judge Mautone, which was apparently made in response to repeated efforts by Mrs. De Graaff to speak out-of-turn during the hearing:

> Mrs. De Graaff, listen to me and listen to me good.  You're in my courtroom.  If you open your mouth and do one disruptive thing in this courtroom, you won't have to worry about coming back here on September the 30th, I'll have you locked up.  Do you understand?

(*Id.* at 7:24-8:3).  Mrs. De Graaff claims that these statements, all made during the August 26, 2004 hearing, establish Judge Mautone's bias against her.

     Mrs. De Graaff's claim of bias regarding these comments will be denied.  While Judge Mautone's first comment above stemmed from an extrajudicial source (i.e., court personnel), we cannot hold that a reasonable person knowing all of the circumstances would harbor doubts regarding Judge Mautone's impartiality.  Judge Mautone's comment struck mainly at Mrs. De Graaff's demeanor during the proceedings, which he apparently considered to be somewhat disrespectful.  As such, the comment resembled those "expressions of impatience, dissatisfaction,

5

annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Liteky*, 510 U.S. at 555-56. Furthermore, the comment did not involve any admission that Judge Mautone prejudged Mrs. De Graaff's case, or that Judge Mautone had any unique extrajudicial contact with individuals directly involved in the case. *See In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995) (holding that bias existed where judge explicitly admitted bias against a party); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) (finding that judge who accused petitioners of acting in bad faith exhibited bias); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 98 (3d Cir. 1992) (holding that statement by judge in pre-trial opinion that prejudged merits of case established bias); *In re Sch. Asbestos Litig.*, 977 F.2d 764 (3d Cir. 1992) (holding that unique extrajudicial conduct with third parties constituted bias).

The remaining statements that Mrs. De Graaff takes issue with are not based on any extrajudicial factor. Therefore, to establish bias, these statements must amount to a showing of "deep-seated and unequivocal antagonism." *Selkridge*, 360 F.3d at 167 (quoting *Liteky*, 510 U.S. at 555)). After reviewing these statements, and reading them in the full context of the proceedings, it is clear that Judge Mautone did not harbor any deep-seated and unequivocal antagonism against Mrs. De Graaff. Moreover, the last statement quoted above is exactly the type of statement that the Supreme Court held remains immune under § 455(a). *See Liteky*, 510 U.S. at 555 ("A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.").[5] Therefore,

---

[5]Mrs. De Graaff also argues on appeal, somewhat confusingly, that two contradicting statements made by Judge Mautone evidenced his bias against her. These statements were made, respectively, on December 17, 2004 and August 26, 2004. In the first, Judge Mautone told Mrs.

Mrs. De Graaff's claims of bias will be denied.

### D. Mrs. De Graaff's Allegation Of Undue Influence By The VA Hospital Is Denied.

Mrs. De Graaff claims that Judge Mautone was "unfairly influenced by the director and staff of the [VA Hospital]." Mrs. De Graaff, however, offers no evidence in support of this claim. As such, it will be denied.

### E. Mrs. De Graaff's Allegation Of A Criminal Conspiracy Is Denied.

Mrs. De Graaff next claims that, during the August 26, 2004 hearing, Judge Mautone and the Assistant United States Attorney ("AUSA") prosecuting her case engaged in a criminal conspiracy to impede her access to court recordings. Again, this claim is unsupported by any evidence. As such, it will be denied.

### F. Mrs. De Graaff's Allegation of Obstruction Of Justice By The Government Is Denied.

Mrs. De Graaff claims that the VA Hospital's police force confiscated statements she obtained from two witnesses while visiting the VA Hospital, and that the VA Hospital's police intimidated these witnesses into not testifying. "Intimidation or threats from the government that dissuade a potential witness from testifying may infringe a defendant's Fourteenth Amendment right to due process and Sixth Amendment right to compulsory process." *Lambert v. Blackwell*,

---

De Graaff: "I'll allow you to say anything, and I have never precluded you from saying anything, as you know." (Tr. Dec. 17, 2004, at 10:3-4). In the second statement, which apparently followed after another bout of Mrs. De Graaff speaking out of turn, Judge Mautone admonished her by saying: "You have nothing to say. Leave the courtroom, Mrs. De Graaff." (Tr. Aug. 26, 2004, at 8:9-11). These apparently contradicting statements, along with the individual statements themselves, do not amount to a showing of "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 555. As such, these statements do not establish any bias.

387 F.3d 210, 260 (3d Cir. 2004). "In order to violate the Constitution, the government's conduct must have 'substantially interfered' with a witness's choice to testify." *Id.* "Whether substantial interference occurred is a factual determination." *Id.* "On appeal we review a [magistrate judge's] determination regarding substantial interference for clear error." *Id.*

Mrs. De Graaff raised this issue before Judge Mautone at the September 30, 2004 trial date and at her sentencing on July 28, 2005. (*See* Tr., Sept. 30, 2004, at 24:24-34:10; Tr., July 28, 2005, at 9:23-10:2). Judge Mautone, however, denied a hearing on this issue because Mrs. De Graaff did not proffer any evidence in support of this claim. In particular, Mrs. De Graaff did not attempt to call either witness at trial, or obtain their testimony through other means, even though Mrs De Graaff's counsel admitted that he knew the witness' identities and, presumably, their whereabouts. (*See* Tr., July 28, 2005, at 14:21-15:7). This ruling was not in error.

The record specifically shows that once Mrs. De Graaff raised this issue at the September 30, 2004 hearing, Judge Mautone directed her to attempt to obtain the witnesses' testimony, either through subpoena or otherwise. (*Id.* at 31:24-32:4). The record suggests, however, that Mrs. De Graaff never attempted to call either witness at trial on November 23, 2004, nor did she attempt to obtain their statements through other means.[6] Without such evidence in the record, this Court is left with nothing but bare allegations of Government misconduct. Without more, this Court cannot hold that Judge Mautone erred in failing to hold a hearing on the issue, and certainly cannot hold that Mrs. De Graaff's attempts to obtain either witness' testimony were

---

[6]Furthermore, at the July 28, 2005 sentencing, Mrs. De Graaff did not even contend that she attempted to obtain the witnesses testimony after Judge Mautone's directive at the September 30 hearing, but that such attempts were thwarted, or even impacted, by the Government's conduct.

8

impacted by Government intimidation.

### G.     There Were No Improper Ex Parte Communications.

Mrs. De Graaff claims that a meeting held by Judge Mautone, in which her counsel and the Government attended, constituted an impermissible *ex parte* communication because she was not present.  Mrs. De Graaff further claims that, at this meeting, her mental health was discussed, which she somehow contends affected her proceedings.  Since Mrs. De Graaff's counsel and opposition were present at this meeting, we cannot hold that it constituted an impermissible *ex parte* communication.  Furthermore, Mrs. De Graaff offers nothing in the form of evidence or otherwise showing that her legal position was not adequately advanced by her counsel subsequent to this meeting.  As such, this ground will be denied.

### H.     Errors In Mrs. De Graaff's Sentencing Report Do Not Mandate Reversal.

Mrs. De Graaff's sentencing report contained two errors.  First, it erroneously stated that a jury tried Mrs. De Graaff's case.  Second, it incorrectly stated that she was convicted under 18 U.S.C. § 113(a)(5) instead of 18 U.S.C. § 113(a)(4).[7]

A petitioner who attacks her sentence based on some error in the sentencing proceeding must allege: (1) that the court received misinformation of "constitutional magnitude"; and (2) that the district judge relied at least in part on that misinformation.  *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Spiropoulos*, 976 F.2d 155, 163 (3d Cir. 1992)).

---

[7]Mrs. De Graaff also contends that the sentencing report erroneously stated that she entered a "not guilty" plea.  According to Mrs. De Graaff, Judge Mautone never allowed her to enter a plea.  The record, however, shows that Judge Mautone entered a "not guilty" plea on her behalf to which Mrs. De Graaff consented.  (Tr., June 24, 2004, at 3:13-23).

Neither factor is present here. First, the maximum penalties for violating 18 U.S.C. § 113(a)(5) and 18 U.S.C. § 113(a)(4) are identical (i.e., six months imprisonment). Second, sentences do not depend on whether a judge or jury convicts a defendant. Therefore, since these errors had no effect on Mrs. De Graaff's sentence, they can hardly be considered of "constitutional magnitude." Accordingly, this ground for appeal will be denied.

## CONCLUSION

For the foregoing reasons, Mrs. De Graaff's appeal of her conviction and sentence is denied. An appropriate order accompanies this opinion.


Dated:  March 20, 2006                                s/ William J. Martini
                                                                **William J. Martini, U.S.D.J.**